IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE A. PRINDABLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-cv-254-NJR |
| | ) |
| C/O EVERETT, C/O BRIGGS, | ) |
| RICHARD WATSON, CITY OF | ) |
| BELLEVILLE, IL, STATE OF ILLINOIS, | ) |
| and JOHN DOES, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Luke A. Prindable, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. At the time the allegations in the Complaint took place, Prindable was being held at St. Clair County Jail. In the Complaint, Prindable alleges Defendants Everett and Briggs used excessive force on him.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint (Doc. 1), Prindable makes the following allegations: On January 31, 2022, Prindable felt sick with a fever, an upset stomach, dizziness, and irritability (*Id.* at p. 7). Correctional Officers Everett and Briggs entered his cell between 12 and 2 p.m. and informed him that he had a court appearance (*Id.*). Although Prindable informed them that he wanted the appearance rescheduled due to his condition, the officers refused (*Id.*). He told Everett not to touch him, but Everett approached Prindable and punched him in the eye (*Id.* at p. 8). Briggs also used excessive force on Prindable. Both officers punched and kicked him, forced him to the ground, and twisted his arms (*Id.*). Prindable alleges that he had an active protective order against Briggs because he had a failure to protect case pending against him (*Id.*).

## Preliminary Dismissals

Prindable only identifies Everett and Briggs in the case caption. He fails to identify Richard Watson, the City of Belleville, Illinois, the State of Illinois, or any of the John Does either in the case caption or in his statement of claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Under Federal Rule of Civil Procedure 8, the Complaint must include a short, plain statement of the case against each individual. To state a Section 1983 claim, a plaintiff must allege that each defendant was personally involved

in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under [Section] 1983 requires personal involvement in the alleged constitutional deprivation"). Here, Prindable merely lists these individuals and entities as additional defendants (Doc. 1, p. 2) but fails to include any allegations against them. Furthermore, not only has Prindable failed to assert allegations against the State of Illinois, but "a state and its agencies are not suable 'persons' within the meaning of section 1983." *Thomas v. Ill.,* 697 F. 3d 612, 613 (7th Cir. 2012). Thus, Richard Watson, City of Belleville, State of Illinois, and Johns Does are **DISMISSED without prejudice** for failure to state a claim.

To the extent that Prindable also tries to raise a claim under the FTCA, that claim shall be dismissed with prejudice. The Act authorizes "civil actions on claims against the **United States**, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any **employee of the Government** while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). Prindable did not name the United States as a defendant, and his claims do not arise from misconduct of federal officials. Thus, his FTCA claim is also **DISMISSED**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** Fourteenth or Eighth Amendment claim against Everett and Briggs for using excessive force against Prindable on January 31, 2022, while at St. Clair County Jail.

3

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

The Court must first determine what legal standard governs Prindable's constitutional violation claims brought pursuant to Section 1983, which depends on his legal status at the time his claims arose. "A pretrial detainee's constitutional rights are distinct from a prisoner's rights because the State cannot punish a pretrial detainee." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 259 n.1 (7th Cir. 1996). A pretrial detainee's rights technically arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005). Whether analyzing the claim under the Fourteenth Amendment or the Eighth Amendment, the Court must construe the allegations of Prindable's Complaint liberally at this stage, and, when doing so, the Court finds that Prindable states a viable claim in Count 1 against Everett and Briggs.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Disposition

For the reasons stated above, Count 1 shall proceed against Everett and Briggs. Defendants Richard Watson, City of Belleville, State of Illinois, and John Does are **DISMISSED without prejudice** for failure to state a claim.

The Clerk of Court shall prepare for Defendants Everett and Briggs: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Prindable. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Prindable, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Prindable, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Prindable is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  July 5, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**