IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUKE A. PRINDABLE, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>C/O EVERETT and C/O BRIGGS, )<br>)<br>  Defendants. ) | Case No. 22-cv-254-RJD |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 24).  For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Luke Prindable filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was held at the St. Clair County Jail ("the Jail"). Plaintiff alleges that on January 31, 2022, he advised Correctional Officers Everett and Briggs that he was not well, and he wanted to reschedule his court appearance scheduled for that date. Plaintiff asserts Everett and Briggs refused to assist in rescheduling Plaintiff's appearance and punched, kicked, and forced Plaintiff to the ground.  Plaintiff is proceeding on a Fourteenth or Eighth Amendment claim against Everett and Briggs for using excessive force against him on January 31, 2022 while Plaintiff was at the St. Clair County Jail.

Defendants filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this action (Doc. 24).  Defendants assert Plaintiff signed his complaint the day after the allegations set forth in his complaint and it was filed just nine days

subsequent to the same. Defendants also note there is no record of any grievance submitted by Plaintiff concerning the issues in this lawsuit. Plaintiff, however, knew the grievance procedure at the Jail as there are 22 grievance submissions while he was incarcerated at the Jail from October 10, 2020 through February 9, 2022 (when he was transferred to the Illinois Department of Corrections) (*see* Doc. 24-2).

Along with their motion for summary judgment, Defendants filed a Rule 56 Notice informing Plaintiff of his obligation to file a response to the motion for summary judgment and advising him of the perils of failing to respond (*see* Doc. 25). Plaintiff's response to the motion was due by November 28, 2022. No response, or any other filing, has been received from Plaintiff as of the date of this Order. The motion and notice were sent to Plaintiff's last known address as set forth on the docket sheet and there is no indication it was not received or that it was returned as undeliverable.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*,

391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

***Exhaustion Requirements under the PLRA***

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

**St. Clair County Jail Exhaustion Requirements**

Pursuant to the St. Clair County Jail's grievance procedure, updated May 24, 2021, all

detainees must submit complaints and grievances electronically unless they are housed in a block without electronic access (Doc. 24-3 at 1). An electronic complaint must be filed within 48 hours of the incident and include the date, time, and location of the complaint (*id.*). If the complaint involves an officer, the name of the officer or officers must also be included (*id.*). Once the complaint is answered and returned, it is considered closed (*id.*). Detainees who are not housed in a block with access to a kiosk for electronic complaints will be provided written forms and shall adhere to the same procedures (*id.*).

If a detainee is not satisfied with the response to a closed complaint, they may file a grievance (Doc. 24-3 at 2). Grievances concerning a closed complaint must be filed within 48 hours of receiving the unsatisfactory closed complaint (*id.*). The Assistant Jail Superintendent or his or her designee will address grievances (*id.*). Once a grievance is answered and returned the grievance is considered closed and detainees have reached the end of the Administrative complaint and grievance process (*id.*).

## Discussion

The Court deems all material facts as presented by Defendants undisputed because Plaintiff failed to file a response to the pending motion for summary judgment despite being provided ample time and opportunity to do so. In failing to file a response, Plaintiff disregarded a Notice explaining the implications of this decision (Doc. 25). The Court will exercise its discretion pursuant to Rule 56(e) and deem all material facts as undisputed. Further, Local Rule 7.1(c) provides that a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

Here, it is apparent that Plaintiff failed to exhaust his administrative remedies prior to filing

this lawsuit. There is no record of any complaint or grievance submitted by Plaintiff at the Jail concerning the issues in this lawsuit, despite evidence demonstrating Plaintiff's knowledge of the grievance process. Moreover, this lawsuit was filed just nine days after the incidents alleged in the complaint. While that may be sufficient time to exhaust the administrative process, it seems implausible that Plaintiff would have been able to submit a complaint and a grievance, and receive responses to both submissions prior to mailing his complaint, which was postmarked February 4, 2022.

Because there is no evidence that Plaintiff attempted to exhaust his administrative remedies or was thwarted in his efforts to do the same, the Court finds Plaintiff failed to exhaust prior to filing this lawsuit.

## Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 24) is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 13, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**